UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

# 11-CV-23418-HOEVELER/BANDSTRA

CLAUDIO CASTILLO,

    Plaintiff,

v.

WALTER ISAACSON, in his official capacity as Chairman of the Broadcasting Board of Governors,

    Defendant.
_____/

## COMPLAINT

    Plaintiff, Claudio Castillo, sues defendant, Walter Isaacson, in his official capacity as Chairman of Broadcasting Board of Governors, for violation of the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964, as amended, and says:

### Parties

1. Plaintiff, Claudio Castillo, (hereinafter "Plaintiff") is an individual residing within Miami-Dade County, Florida.

2. Since 1992, Plaintiff has been employed by Broadcasting Board of Governors, International Broadcasting Bureau, Office of Cuba Broadcasting, Technical Operations, TV Technical Branch. Since 1998 he has been employed as a Television Broadcast Technician.

3. Defendant, Walter Isaacson, is the Chairman of Broadcasting Board of Governors, and as an official of the United States of America, may be served by serving the United States and by also sending a copy of the summons and of the complaint by registered or certified mail to him.

---


FILED by _____ D.C.
SEP 20 2011
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

### Jurisdiction

4. The court has jurisdiction over the lawsuit because the action arises under Title VII of the Civil Rights Act, as amended.

### Exhaustion of Administrative Procedures

5. Plaintiff timely filed a Formal Complaint of Discrimination against Defendant with the Office of Civil Rights.

6. Plaintiff files this Complaint within ninety (90) days of his receipt of the Final Decision in his discrimination charge/complaint.

### Retaliation Under Title VII – 42 U.S.C. §2000e-3(a)

7. Plaintiff is an employee within the meaning of Title VII.

8. Plaintiff belongs to a class protected under the statute because he is an individual that opposed discriminatory practices at the workplace, filed charges of discrimination, participated in investigations into discriminatory practices, and/or otherwise was previously involved in protected EEO activity.

9. Defendant is an employer within the meaning of Title VII.

10. Defendant intentionally discriminated against Plaintiff because of said previous EEO activity in violation of the anti-retaliation provision of Title VII.

11. Because of his EEOC activity, Defendant, through its agents, knowingly and intentionally made Plaintiff's job more difficult and laborious by doing the following.

a. Allowing multiple staff members who were out of Plaintiff's chain of command to assign him work. This made his job more difficult, is against the standard operating procedures of the Defendant, and is not tolerated.

b.      Forcing Plaintiff to use substandard editing equipment that crashed on a regular basis, rather than permitting him to use the state of the art editing equipment that he was trained to use and that was at the disposal of coworkers. This caused Plaintiff much frustration, and caused him to exert considerably more effort and time with completing his assignments.

c.      Permanently assigning Plaintiff to work on two programs, instead of having varying assignments from day to day as is standard for employees in Plaintiff's position.

d.      Requiring Plaintiff to produce programs which is not his job.

e.      Requiring him to perform other duties that were not his obligation.

12. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered damages, including mental anguish, emotional distress, loss of enjoyment of life, loss of enjoyment of and work, embarrassment, humiliation, and other compensatory damages.

13. Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k).

14. Refusal from the Office of Cuba Broadcasting management to follow, implement and acknowledge the existence of the Voice of America standards and procedures rules. This created multiple violations making complainant have to perform duties that were not part of the job description and created unnecessary chaos and confusion.

## Relief Sought

15. For these reasons, Plaintiff asks for judgment against Defendant for damages, reasonable attorney fees, costs of suit, and all other relief the court deems appropriate.

By: _____          Dated: September 20, 2011
Claudio Castillo, *Pro se*
*This document was prepared*

*with the assistance of counsel*
905 Brickell Bay Drive
Suite 1128
Miami, FL 33131
(305) 310-9308
elclaudio@hotmail.com